The suit was commenced by a bill by minority preferred stockholders attacking the merger of the Central Leather Company and the United States Leather Company as inequitable and unfair to holders of preferred stock in the Central Company. There was an order to show cause with temporary restraint, and after argument the vice-chancellor refused an injunction and dissolved the temporary restraint, *Page 529 
holding that the proposed merger was not inequitable (101 N.J. Eq. 547), and that Windhurst, the original complainant, was in laches, as well as the other complainants who had entered the suit after bill filed. 101 N.J. Eq. 551. No appeal was taken from the order vacating the order to show cause, but the bill was amended in such wise as to become substantially a bill for specific performance of the clause contained in the certificate of incorporation of the Central Company and inserted in the certificates of preferred stock, that "in case of a liquidation or dissolution or winding up [whether voluntary or involuntary] of the corporation, the holders of the preferred stock shall receive cash to the amount of the par value of such preferred stock, together with all accrued and unpaid dividends thereon [but no more] before any payment is made to the holders of the common stock." On this point the vice-chancellor held that the merger proceeding did not work a dissolution or liquidation within the meaning of the preferred stock clause, and that stockholders dissenting from the terms of the merger and desiring to withdraw their interests should have resorted to the statutory method provided by P.L. 1902 p. 700; Comp. Stat. p. 1662 pl. 108a. See Prall v. United States Leather Co., 6 N.J. Mis. R. 967;143 Atl. Rep. 382; affirmed, 105 N.J. Law 646. He seems to have intimated that a similar appraisement could be had in equity and that the bill might be retained for that purpose, but doubtless complainants rejected this suggestion as the final decree appealed from is a simple dismissal of the bill.
The appeal was submitted without oral argument, on briefs which have been duly considered. We conclude that the decree appealed from should be affirmed, and that the two opinions delivered by the vice-chancellor deal to our satisfaction with all the points made on this appeal, which, for clarity, are here stated in the language of the subheads in appellants' brief.
Point 1. "The agreement was not a bona fide consolidation but a readjustment of share capital between the stockholders intersese from which the corporation derived no benefit whatever." *Page 530 
We think this point not well taken, and that it is satisfactorily covered by the opinions in the court below.
Point 2. "The consolidation unjustly enriched the common stockholders at the expense of the preferred stockholders."
This is tantamount to saying that the terms of the merger are inequitable. We agree with the vice-chancellor that they are not.
Point 3. "The consolidation was adopted at the stockholders' meeting of June 22d 1927, over the protest of complainants and other preferred stockholders."
This may be conceded.
Point 4. "Unless the consolidation be treated as equivalent to a dissolution in its effect upon complainants it will result in an illegal reduction of their capital stock."
This is properly answered by the court below.
Point 5. "Unless the consolidation be treated as equivalent to a dissolution in its effect upon the complainants it will result in illegally divesting them of their right to accrued dividends."
This is also properly answered by the court below.
Point 6. "The consolidation statute does not authorize a compulsory conversion or sale of stock on terms that would impair the obligations of a stockholder's contract."
This may be conceded, pointing out by way of comment that the stockholders' contract is not restricted to the certificate of incorporation but includes the pertinent provisions of the Corporation act relating to merger and consolidation.
Point 7. "To all practical intents and purposes the effect of the consolidation on the complainants was a dissolution of the Central Leather Company."
We agree with the vice-chancellor that it was not, and deem it unnecessary to add anything to what he said on that subject in his opinion.
Point 8. "Complainants' contract can be enforced as on dissolution without disturbing the legal status of the consolidated company."
This point embraces a discussion of laches. We agree with the vice-chancellor that there was laches, and without conceding the other branch of the point, simply observe that *Page 531 
as the conditions contemplated in the preferred stock clause did not exist, the claim to be paid par and accumulated dividends is baseless.
Point 9, that complainants are entitled to relief in equity, and 10, that the decree should be reversed and relief awarded, need no comment in view of what has been noted above.
The decree under review will be affirmed. It may be well to note that in the concluding sentence of his first opinion, at page 553 of 101 N.J. Eq., the vice-chancellor by an obvious oversight used the word "dissolution" when he meant to say "merger."
For affirmance — THE CHIEF-JUSTICE, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.
For reversal — None.